## JOHN CLARKE vs GEORGE I. GRAY and five others.

An attorney who is employed by one defendant to appear for several defendants in a cause, and who is recognized as the attorney for all the defendants, and gives a cognovit as attorney for all the defendants therein on the settlement of the cause; held that defendants are *all* bound by it.

*Motion by Daniel Babcock, James Cosgrove, Albert H. Davis and Josiah Smith, four of the defendants above named, to set aside the cognovit in this cause, and all subsequent proceedings; and that the defendants, except Gray and Curtis, be permitted to come in and defend.*—This is an action of trover, commenced by capias, on which all the defendants were held to bail; the suit was commenced August 12, 1843. Gray (who appears to be the principal defendant in the cause), swears that after the suit

was commenced he employed B. Bagley, Esqr., as his counsel to defend this suit, and exhibited to his counsel the capias and told him he was not authorized to employ counsel for the other defendants, that he did not intend to, nor did he employ said Bagley for any other person except himself; that he should have to defend the cause himself. The cause was noticed for trial at the June Jefferson circuit, 1844. Gray and the other defendants were in attendance; the cause was called on the second day of the circuit, and Bagley informed the judge there was a probability of a settlement of the cause, and it was passed; soon afterwards Bagley told Gray the plaintiff proposed to settle said cause; Gray replied he would not settle it. The next day the cause was again called, and the plaintiff informed the judge that there was a prospect of its being settled, and it was again passed; thereupon, Bagley requested Gray to go into one of the jury rooms with him; Gray went, accompanied by Babcock, Curtis, and Cosgrove and G. C. Sherman, Esqr., who attended as counsel for defendants, except Gray. Bagley again repeated that there were offers of settlement from the plaintiff. Gray told him he would not have anything to do with settling it unless the others were willing; that as they said he (Gray) would do. The defendants Babcock, Cosgrove and Curtis refused to settle. After they had dispersed, Gray, at the request of the three last named defendants went to Bagley and told him the defendants would not settle, that they were ready for trial, and he must go on with the cause. Bagley then told Gray to go home, that he would never hear any thing more from it; thereupon, Gray and the other defendants left, supposing the cause finally disposed of, and that they were discharged. Gray states, he never knew or heard any thing more of the cause, until he was informed an execution was issued against all the defendants for $228·40 damages and costs, the judgment docketed July 2, 1844. Daniel Babcock, James Cosgrove, Josiah Smith and Albert H. Davis, each in a separate affidavit, swear substantially to the facts as mentioned above; and each swear that they never employed, or authorized to be employed, B. Bagley, Esqr., or any other person to defend this cause for them, and never authorized said Bagley or any other person to settle the suit. Each were under the impression that if Gray defended the suit, his defence would enure to their benefit, and all swear to a defence on the merits. On the part of plaintiff, Bernard Bagley swears, that soon after the service of the capias in this cause, the defendant George J. Gray came to his office and requested him, Bagley, to defend the suit for all the defendants, and stated that all the other defendants were employed by him in the affair concerning which the suit was

9

brought, and that he had agreed to indemnify them in case they were prosecuted. Bagley directed Charles D. Wright, his law partner, the attorney of record for the defendants (in whose name as attorney the business of their office is done), to appear and plead for all the defendants, which was done. The cause was noticed for trial at the December Jefferson circuit, 1843, and put over on defendants' motion for a commission, on an affidavit made by defendant Gray, in which he stated that the defendants had a good and substantial defence, &c., as advised by *their* counsel, Bernard Bagley, Esqr., and that the witness was material as advised by *their* said counsel. At the June Jefferson circuit, 1844, both parties and their witnesses attended for trial, at which time defendant Gray was anxious that Bagley the attorney should bring about a settlement with the plaintiff. Bagley after some delay succeeded in getting plaintiff to agree to take a cognovit for $100, besides costs, and discharge another action of trespass which he had commenced against said Gray and one Hollenbeck. Bagley then informed George C. Sherman, Esqr., who was counsel for defendants, of this proposition and asked his opinion about it. Sherman thought defendants ought to accept it. Bagley then directed Gray to get all the defendants together into a room, which was done. Bagley and Sherman there talked the matter over with them, and they all agreed that it was best to accept the proposition, in case the plaintiff would give until the then next winter for Gray to pay the judgment, without having to call on the other defendants until that time, to which plaintiff agreed. Bagley then gave the cognovit on the spot in the court room, in the name of Mr. Wright, the attorney of record, for the defendants, and received a discharge of the other suit. After the cognovit was given, Daniel Babcock came to Bagley and said he would not agree to the settlement unless plaintiff would discharge him. Bagley replied, it was too late then, the cognovit was given, that he should have made his objections when defendants were all together at the time of the settlement. Bagley states that the cognovit was given in good faith, and as he believes with a full knowledge and consent of all the defendants. The plaintiff swears that all the notices, papers and pleadings received in the cause from defendants were from Charles D. Wright attorney for all the defendants; also the notice of retainer; said Wright, being the law partner of B. Bagley, Esqr. And corroborates the affidavit of B. Bagley, in the matter of the settlement at the circuit and of the giving the cognovit. He also goes into a lengthy detail of the whole matters in controversy, which has no direct bearing upon the main points in this motion.

M. T. REYNOLDS, *Defts Counsel.*   J. MULLIN, *Defts Atty.*

J. A. SPENCER, *Plffs Counsel.*     J. CLARKE, *Plff in pro. per.*

BEARDSLEY, Justice.—Held that the attorney for the defendants had authority to give the cognovit for all the defendants, and having given it, the defendants were *all* bound by it.

*Decision*—Motion denied with costs.